FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDY S.,<br>    Plaintiff,<br>    v.<br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br>    Defendant. | No. 1:19-cv-03027-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff Brandy S.'s Motion for Summary Judgment, ECF No. 10, and Defendant Commissioner of the Social Security Administration's Cross-Motion for Summary Judgment, ECF No. 11. The motions were heard without oral argument. Plaintiff is represented by Nicholas David Jordan; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Justin Lane Martin.

For the reasons set forth below, the Court denies Plaintiff's motion, grants Defendant's motion, and affirms the administrative law judge ("ALJ") decision denying disability benefits.

### Jurisdiction

On November 16, 2015, Plaintiff filed a Title II application for disability insurance benefits. Plaintiff alleges an onset date of December 6, 2014.

Plaintiff's application was denied initially and on reconsideration. On September 26, 2017, Plaintiff appeared and testified in Yakima, Washington

before the ALJ. Kim Mullinax also participated as a vocational expert. The ALJ issued a decision on March 14, 2018, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on December 18, 2018. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on February 14, 2019. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activity? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.908-.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

//
//

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

Plaintiff was 36 years old at the time of the hearing. She attended school through the 11th grade. She is married with two children ages 3 and 13. Her husband is disabled. She has previous work experience cashiering at Walmart. She

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

was fired from this position for too many absences. She gave birth to her second child eight months before she was fired. After she was fired, she sought and received unemployment benefits. She has also worked as a waitress and telemarketer.

Plaintiff testified that she had trouble doing her job as a cashier due to carpel tunnel syndrome. She has been diagnosed with mild to moderate carpel tunnel and surgery has been recommended but she has not followed through with the recommendation due to anxiety. She testified that she has anxiety in crowds and does not do well around people. She reported that she does the laundry, but not cooking because she has difficulty gripping the utensils. She is able to independently perform her self-care and she also takes care of her children.

## The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. AR 17.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 6, 2014. AR 17.

At step two, the ALJ found Plaintiff has the following severe impairments: carpel tunnel disorder, affective disorder; and anxiety disorder. AR 17.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 18.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> light work as defined in 20 CFR 404.1567(b) in so much as she can lift and carry 20 pounds occasionally and ten pounds frequently; sit, stand, and walk, each accomplished six out of eight hour workday; engage in unlimited postural activities, but she can never climb ladders, ropes, or scaffolds, and only occasionally crawl; frequent bilateral upper extremity gross handling; occasional bilateral fine fingering; must avoid concentrated exposure to vibrations and hazards, such as heights and dangerous moving machinery. In addition, the claimant has sufficient concentration to understand, remember, and

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

> carry out simple, routine tasks in two-hour increments, with usual and customary breaks throughout the eight hour workday; can have superficial and occasional contact with the general public, meaning she can be in the same room with the public, but working with the public should not be a prime component of the work function; can work in the same room with an unlimited number of co-workers, but she should not work in coordination with co-workers; and can tolerate occasional supervision.

AR 20.

At step four, the ALJ found that Plaintiff was not capable of performing past relevant work as a cashier but found she could perform other work that exists in significant numbers in the national economy, including positions such as cleaner, housekeeper, deliverer, and bakery worker, conveyer line. AR 26.

**Issues for Review**

1. Did the ALJ conduct a proper credibility determination?
2. Did the ALJ properly evaluate the medical sources?
3. Did the ALJ properly determine Plaintiff's residual functional capacity?

**Analysis**

**1. The ALJ's credibility determination**

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina*, 674 F.3d at 1112 (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. The ALJ's conclusions are substantially supported by the record.

It was permissible for the ALJ to rely on the fact that Plaintiff has not followed through on treatment recommendations for her carpel tunnel syndrome, finding that Plaintiff's explanation that surgery caused her anxiety does not explain why she would not follow through on less invasive treatments like injections. Further examination results did not demonstrate significant worsening of her carpel tunnel. AR 21. Moreover, the ALJ noted that her physical examinations were somewhat benign. AR 22.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

The ALJ reasonably relied on the fact that although Plaintiff stated her anxiety kept her from working, she also stated that she suffered anxiety all her life, yet she was able to successfully work. Also, the record indicates that Plaintiff is responsive to her medication.

### 2. The ALJ's Evaluation of the Medical Sources

The ALJ reviewed conflicting medical opinions from several doctors. Plaintiff asserts the ALJ improperly evaluated the opinions of Dr. Mary Pellicer, and Dr. Morgan Liddell.

The medical opinion of a claimant's treating physician is given "controlling weight" as long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. § 404.1527(c)(2)-(6). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

The ALJ properly evaluated the medical sources and gave legally sufficient reasons for discounting the opinions of Drs. Pellicer and Liddell.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

Notably, the ALJ found that their conclusions were inconsistent with Plaintiff's level of activity and the contemporaneous examination findings. Additionally, the ALJ properly evaluated and gave specific and germane reasons for giving limited weight to other medical sources—specifically Jennifer Lewis, ARNP and Lisa Rutherford, ARNP.

### 3. The ALJ's RFC determination

The RCF and step-five determination is substantially supported by the record. For instance, the ALJ relied on physical findings regarding her carpal tunnel syndrome to find that Plaintiff had the capacity to lift and carry at the light level. The ALJ provided sound reasons in weighing the medical opinion evidence, other source statements, and Plaintiff's symptom testimony in formulating the RFC. The ALJ reasonably relied on the vocational expert's testimony to find that Plaintiff could perform work as a housekeeping cleaner, outside deliverer, and conveyer line bakery worker.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No, 11, is **GRANTED**.

3. The decision of the Commissioner denying benefits is affirmed.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 3rd day of December 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**